**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marco Antonio CHAVEZ, etc.,**
**Defendant–Appellant.**

No. 11–50258.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2012.

Filed Dec. 19, 2012.

Curtis A. Kin, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles,

CA, Ann Luotto Wolf, Esquire, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Correen W. Ferrentino, The Law Offices of Correen Ferrentino, Santa Ana, CA, for Defendant–Appellant.

Before: REINHARDT and THOMAS, Circuit Judges, and NAVARRO,* District Judge.

MEMORANDUM **

Marco Antonio Chavez appeals the sentence imposed by the district court following Chavez's guilty plea to conspiracy to possess with the intent to distribute approximately 493.3 grams of pure methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The district court sentenced Chavez to eighty-seven months, to be followed by a five-year term of supervised release. This sentence included a two-level enhancement for possession of a dangerous weapon during the commission of the offense.

We review the district court's sentencing decision for abuse of discretion. *United States v. Armstead,* 552 F.3d 769, 776 (9th Cir.2008). We review the district court's underlying factual findings for clear error. *Id.* Based on the parties' arguments and the Court's examination of the record, we conclude that Chavez should have reasonably foreseen that his co-conspirators would possess a firearm during the execution of such a major drug transaction. *United States v. Garcia,* 909 F.2d 1346, 1350 (9th Cir.1990). Therefore, the district court did not clearly err in determining that the two-level sentencing enhancement for possession of a dangerous weapon was appropriate. *Id.*

**AFFIRMED.**

---

* The Honorable Gloria M. Navarro, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.